MR. JUSTICE SHEEHY,
dissenting:
The majority have rescued the conviction of the defendant from a terribly bungled police investigation, but at what cost to the law of searches and seizures.
All of the evidence retrieved from the truck should have been suppressed in this case.
*440 The first search of the truck occurred when the vehicle was safely impounded in a wrecking yard at the orders of the police. Thus the usual exceptions to a warrantless seizure do not apply. There were no exigent circumstances. There was no inventory search incident to arrest. No reason appears why the officers did not apply first for a search warrant before entering the impounded truck.
The “plain view” doctrine does not save the intrusion into the truck without a warrant. If at the time of the arrest the officers had taken into their possession the articles then in plain view, their actions would have been permissible. That did not occur here. Instead the articles were seized as a result of a warrantless search of the truck at a time when the “plain view” rule did not apply.
The fact that the officers saw the articles in the truck would have been usable in an affidavit for a search warrant later. The rule is that articles, though in plain view, seized as part of a warrantless entry, must be suppressed on motion. See People v. Griffin (Colo. 1986), 727 P.2d 55; Coolidge v. New Hampshire (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.
The illegal seizure of a marijuana leaf as part of a warrantless entry into the truck was used later by the police as part of their justification of probable cause to get the search warrant for the second seizure of contraband. The taint of the first illegal seizure comes over and poisons the second seizure.
The third seizure, that from the hidden panels and wheelwells, again occurred without a warrant, and no excusable attendant circumstances. Again the search was illegal, and the products of the illegal search should be suppressed.
Therefore I dissent.
MR. JUSTICE HUNT concurs in the dissent of MR. JUSTICE SHEEHY.